IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF <sup>COLORADO</sup>
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01163–CMA–KMT

KIMBERLY I. DAVIS,

    Plaintiff,

v.

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, an Indiana corporation,

    Defendant.

---

### ORDER

---

This matter is before the court on Plaintiff's Motion to Increase the Number of Retained Experts ("Mot.") [Doc. No. 26]. Defendant filed its Response on April 25, 2014 [Doc. No. 30] and Plaintiff replied on April 30, 2014 ("Reply") [Doc. No. 31].

Plaintiff seeks to increase the limitation on retained expert witnesses allowable to both parties as memorialized in the Scheduling Order [Doc. No. 17] entered on July 24, 2013. The Scheduling Order provides, "[e]ach side shall be limited to 5 specially retained expert witnesses, excluding treaters, absent leave of court." *Id*. at § 9(d)(2). The parties originally anticipated that retained experts would be required in the fields of "[m]edical issues, damages, and insurance claim standards." *Id*. at § 9(d)(1)  Plaintiff now seeks to endorse experts in the following areas:

1

damage to the cars involved in the collision; a neuropsychologist concerning Plaintiff's alleged traumatic brain injury caused by the accident; an OT functional capacity evaluator concerning Plaintiff's vocational related physical limitations; a vocational expert to testify about Plaintiff's potential to earn a living; a nurse to testify about the reasonableness of the incurred medical expenses; an economist to testify about the present value of future damages of income loss and medical expenses; and a standard of care expert concerning the handling of Plaintiff's claim by the insurance company.[1]  As to each type of retained expert, the Plaintiff has disclosed a specified expert pursuant to Fed. R. Civ. P. 26(a)(2) with the exception of expert opinion about the damage to the automobiles involved in the accident.  As to that category of expert testimony, the Plaintiff has indicated she will call either Derrick Waldfogel, an expert in collision repair or William Mael, an expert in accident reconstruction.  Plaintiff has provided the required expert reports for both individuals.

This court finds that the categories of witnesses for which expert testimony is sought by the Plaintiff for presentation of her case are reasonable.[2]  While some of the witnesses' expertise may overlap one another, none are clearly redundant except for Mr. Waldfogel and Mr. Mael; Plaintiff acknowledges she intends to select and call only one of those two.  The trial court will determine during trial whether testimony by any or all of these experts will be allowed, based on the progression of the evidence and other factors.  At this stage, however, this court determines that the information appears relevant to the issues in the case and that expert testimony on the

---

[1] In addition to the retained experts, numerous treating medical providers have also been identified by the Plaintiff.

[2] This court, however, does not necessarily agree that each category listed by the Plaintiff requires a separately designated expert.

2

topics would likely be of benefit to potential jurors.  Therefore, there is no reason to preclude Plaintiff from endorsing, under Rule 26, experts to render opinion testimony about the same.

As the first step, however, it is incumbent upon the Plaintiff to make an election concerning which automobile damage expert she will call as an affirmative witness.  The defendant is entitled to the identity of the proposed witness so that it may make a determination about whether a deposition is required of the expert, to schedule the deposition and to get back transcripts of the testimony all before the conclusion of the discovery process on July 10, 2014. Plaintiff may not call both witnesses in her case in chief since they each clearly would be opining on the same topic.

As to rebuttal witnesses, Rule 26 provides, , that "[a]bsent a stipulation or a court order . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), . . ." the expert must be disclosed within 30 days after the other party's affirmative disclosure.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  The court set the date for disclosure of affirmative experts as March 31, 2014 and the date for disclosure of rebuttal experts as June 6, 2014.  (Minute Order [Doc. No. 20].)  The Plaintiff apparently disclosed at least one of her proposed rebuttal experts, Bradley Gibson, MD, neurologist, earlier than required.  (Mot. at ¶ 10.)  Plaintiff claims that this witness will only be called as rebuttal to Defendant's expert, Gregory Reichhardt, M.D., should Dr. Reichardt be called to testify by Defendant.  (Reply at ¶ 7.)

The Scheduling Order form adopted by the court and used by the parties in this case does not distinguish between affirmative or rebuttal expert witness limitations.  Scheduling Order at

§ 9(d)(2). However, to hold that the limitation is only applicable to affirmative experts would invite the very abuse the limitation is designed to prohibit. As the case currently stands, the parties collectively have been allowed a total of ten retained expert witnesses to testify at the trial, whether in the case-in-chief or in rebuttal, *in addition to* Plaintiff's numerous treating medical providers. If the allowable number was to include only affirmative experts, that number would expand to an extraordinary twenty or more retained experts in the trial. Even if the court grants the plaintiff's request for seven experts per side, the case is expanded to fourteen retained experts.

Nonetheless, this court will grant the plaintiff leeway to present her case in the manner she desires since she is not proceeding against a defendant of limited means and will grant the request to expand the allowable number of retained expert witnesses, whether affirmative or rebuttal or both, to a total of seven per side.

It is therefore **ORDERED**

Plaintiff's Motion to Increase the Number of Retained Experts [Doc. No. 26] is **GRANTED** in part and **DENIED** in part as follows:

1. Section 9(d)(2) of the Scheduling Order is amended to allow each side up to seven retained expert witnesses;

2. On or before May 16, 2014, Plaintiff shall select and disclose to Defendant the expert witnesses, picked from those previously disclosed by Plaintiff, who she is designating as her affirmative retained experts who may be called to testify at trial.[3] Plaintiff may, at her

---

[3] The court presumes that the Defendant disclosed its affirmative witnesses on March 31, 2014 in

discretion, withhold designation of her rebuttal witness(es) until June 6, 2014.  In no event shall the combined total of retained expert witnesses, whether affirmative or in rebuttal, exceed <u>seven</u> retained expert witnesses per side.

Dated this 2nd day of May, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

accordance with the deadline previously imposed.